14-1837-cv
*Baiul v. William Morris Agency, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of May, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

OKSANA S. BAIUL,

    *Plaintiff-Appellant,*

      v.                                                          No. 14-1837-cv

WILLIAM MORRIS AGENCY, LLC, ET AL.,

    *Defendants-Appellees,*

KEY BRAND ENTERTAINMENT INC., ET AL.,

    *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**        RAYMOND J. MARKOVICH, West Hollywood, CA.

**FOR DEFENDANTS-APPELLEES:**        BENJAMIN R. JOELSON (Martin Domb, *on the brief*), Akerman LLP, New York, NY.

TAL E. DICKSTEIN (Michael P. Zweig, John A. Piskora, *on the brief*), Loeb & Loeb LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Oksana S. Baiul, a Ukrainian former figure skater, appeals from the District Court's May 6, 2014 judgment granting defendants' motions to dismiss the Second Amended Complaint, which raised various claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and New York State common law concerning an alleged post-Soviet criminal enterprise to steal millions of dollars from Baiul between 1993 and 1997 in connection with her world-famous figure-skating career. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on futility, in which case we review that legal conclusion *de novo*." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly granted defendants' motions to dismiss, substantially for the reasons stated in its thorough May 6, 2014 opinion—namely, each of Baiul's seventeen claims against the more than twenty defendants is time-barred by the applicable statute of limitations. The District Court also properly denied Baiul's motion for leave to amend.

**CONCLUSION**

We have considered all of the arguments raised by Baiul on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 6, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2